IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR C. SIMPSON, | |
| Petitioner, | 8:23CV260 |
| vs. | |
| BOB JEFFRYS, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on Arthur C. Simpson's ("Petitioner") Amended Petition for Writ of Habeas Corpus (the "Petition"), Filing No. 5, and a motion for evidentiary hearing, Filing No. 21. For the reasons that follow, the relief sought in the Petition is denied, the Petition shall be dismissed with prejudice, and the motion for evidentiary hearing shall be denied as moot.

## I. RELEVANT PROCEDURAL AND FACTUAL HISTORY

### A. Conviction and Sentence

On the morning of April 16, 2017, officers responded to a dispatch of shots fired at a home in Omaha, Nebraska, and learned from witnesses that the parties involved had left the area, leaving behind a baby in a carrier. The officers eventually contacted Christina Copeland, who was the baby's mother and resided at the home, and she reported that Petitioner, who was her boyfriend and the baby's father, had repeatedly physically assaulted her and had fired a gun at her while she was in a vehicle. Petitioner was eventually arrested and charged in connection with these events. Filing No. 15-3 at 2. On July 25, 2019, Petitioner was convicted by a jury in the District Court of Douglas County, Nebraska, of strangulation, negligent child abuse, unlawful discharge of a

firearm, and use of a deadly weapon (firearm) to commit a felony. Filing No. 15-12 at 74–77. On September 11, 2019, the state district court sentenced Petitioner to a total of 35 to 55 years' imprisonment. *Id.* at 83–84.

**B. Direct Appeal**

Petitioner, with new counsel, filed a direct appeal (the "Direct Appeal") in the Nebraska Court of Appeals. Filing No. 15-1; Filing No. 15-3. In the Direct Appeal, Petitioner alleged that the state district court erred in: (1) denying his motion to suppress the victim's identification of him, (2) denying his motions in limine regarding references to him being on parole and regarding an expert opinion, (3) allowing extensive testimony regarding the victim's history, (4) not ensuring Petitioner was properly arraigned or advised on the amended information, and (5) imposing excessive sentences. Filing No. 15-3 at 6. Petitioner also alleged the following claims of ineffective assistance of trial counsel for trial counsel's (1) failure to object to the district court taking judicial notice of a non-adjudicated fact; (2) failure to object to the victim's extensive, irrelevant, and prejudicial testimony about her background; (3) failure to object regarding Petitioner's prior bad acts after having his motion in limine sustained; (4) failure to address the issues regarding Petitioner's illegal sentence; and (5) because Petitioner "did not believe that his attorney was effective." *Id.* at 6.

The Nebraska Court of Appeals rejected all five of Petitioner's claims of trial court error and rejected his first four allegations of ineffective assistance of trial counsel on the merits and found that his fifth claim was a general allegation that also could not proceed. *Id.* at 6–17. Petitioner did not file a petition for further review in the Nebraska Supreme Court. *See* Filing No. 15-1 at 4.

### C. Postconviction Motion

On October 18, 2021, Petitioner, pro se, filed a timely motion for postconviction relief in the state district court, Filing No. 15-14 at 2–14, which he later amended (the "Postconviction Motion"), Id. at 56–75. The district court denied all grounds for relief without holding an evidentiary hearing. Id. at 102–09.

Petitioner appealed, asserting that the district court erred in denying his motion for postconviction relief without holding an evidentiary hearing and by failing to appoint postconviction counsel to represent him (the "Postconviction Appeal"). Filing No. 15-4 at 3; Filing No. 15-14 at 111–13. On February 28, 2023, the Nebraska Court of Appeals entered a Memorandum Web Opinion affirming the state district court's judgment. Filing No. 15-4.

The Nebraska Supreme Court subsequently denied Petitioner's request for further review on May 30, 2023, and the mandate was issued on June 12, 2023. Filing No. 15-2 at 4–5.

### D. Federal Habeas Petition

On June 12, 2023, Petitioner filed a habeas petition in this Court, Filing No. 1, which he amended on June 26, 2023, Filing No. 5. Petitioner's habeas claims were summarized by this Court in its preliminary review of the Petition as follows:

 Claim One: Petitioner was denied the effective assistance of appellate counsel because his appellate counsel failed to raise trial counsel's failure to object to testimony made by non-testifying witnesses and to subpoena and investigate relevant witnesses.

 Claim Two: Petitioner was denied the effective assistance of counsel because appellate counsel failed to raise trial counsel's failure to object to prosecutorial misconduct that divested the trial court's jurisdiction to pass judgment or sentence.

> Claim Three: Petitioner was denied the effective assistance of counsel because appellate counsel failed to advise Petitioner that he had to file a Petition for Further Review in order to continue to litigate his claims.

Filing No. 10 at 1–2.

Respondent filed his answer, Filing No. 16, the state court record, Filing No. 15, and his brief in support, Filing No. 17, to which Petitioner filed a reply, Filing No. 19, and brief, Filing No. 20, in support of his Petition, and a motion for an evidentiary hearing, Filing No. 21. Respondent filed a notice of case submission, Filing No. 22, indicating that he would not be filing a reply brief, and this matter is fully submitted for decision.

## II. OVERVIEW OF APPLICABLE LAW

Under Section 2254, in the absence of exceptional circumstances not present here, a state prisoner must exhaust his currently available state remedies before invoking federal habeas jurisdiction, by providing the state courts the opportunity to consider and correct alleged violations of federal rights. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Put another way, a federal habeas court may not consider the merits of a petitioner's unexhausted claims. *Williams v. Groose*, 77 F.3d 259, 262 (8th Cir. 1996).

In this case, Respondent contends that all the claims set forth in the Petition, except for a portion of Claim One, are unexhausted either via the failure to fairly present them to the state courts in their entirety or via failing to submit them to one complete round of state court review. Filing No. 17 at 11–15. Further, Respondent contends that all the claims set forth in the Petition are procedurally defaulted, rendering this Court unable to review the merits of any of Petitioner's claims and requiring dismissal of the Petition in its entirety with prejudice. *Id.*

Because consideration of the doctrines of exhaustion, procedural default, and ineffective assistance of counsel are all relevant to resolution of the claims set forth in the Petition, this Court elaborates upon those concepts next so that it may apply them later in a summary fashion as it reviews Petitioner's claims.

**A. Exhaustion**

"[A] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) ("habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted all the remedies available in the courts of the State."). Generally, if a federal habeas petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claims, the claim is not exhausted. *Kenley v. Armontrout,* 937 F.2d 1298, 1302 (8th Cir.1991). The Supreme Court of the United States has explained the basis for the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan*, 526 U.S. at 845.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim was presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly[1] or to the Nebraska Court of Appeals, and then in a petition for further review to

---

[1] The Court notes that where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).  If a petitioner fails to exhaust his state remedies by not invoking one full round of state appellate court review, but an action in the state courts remains available to raise the unexhausted habeas claim, a petition is appropriately dismissed without prejudice to allow for exhaustion of such claims.  *See Hampton v. Miller*, 927 F.2d 429, 430–31 (8th Cir. 1991).

**B.  Procedural Default**

"Procedural default occurs when 'a state court decline[s] to hear [a claim] because the prisoner failed to abide by a state procedural rule.'"  *Thomas v. Payne*, 960 F.3d 465, 472 (8th Cir. 2020) (quoting *Martinez v. Ryan*, 566 U.S. 1, 9 (2012)).  "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims, has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991), *holding modified by Martinez v. Ryan*, *supra*.

Because a claim that is procedurally defaulted at the state level is "technically exhausted" as there are no further remedies available in the courts of the state, a petitioner could seek federal habeas review of those "exhausted" claims but for the so-called independent and adequate state ground doctrine.  *Coleman*, 501 U.S. at 732; *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996).  The Supreme Court explained the doctrine and its applicability to habeas review as follows:

> Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal petition," *Engle v.*

6

> *Isaac,* 456 U.S. 107, 125, n. 28 . . . (1982), it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples,* 489 U.S. 346, 351 . . . (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence and, thus, prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane,* [489 U.S. 288,] 298 [(1989)]; *Isaac, supra,* at 125, n. 28 . . .; *Wainwright v. Sykes,* 433 U.S. 72, 90–91 . . . (1977).

*Gray,* 518 U.S. at 161–62. Therefore, unless cause and prejudice are established, a federal court cannot review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment" regardless of whether the state law ground is substantive or procedural. *Coleman*, 501 U.S. at 729 (citing *Fox Film Corp. v. Muller,* 296 U.S. 207, 210 (1935); *Klinger v. Missouri,* 13 Wall. 257, 263, 20 L.Ed. 635 (1872); *Herndon v. Georgia,* 295 U.S. 441 (1935)).

Where a claim has not been formally exhausted, and a state procedural rule was the reason state review of a claim was denied, that basis for denial was clearly stated, and there are no other state remedies available, the claim is procedurally defaulted and technically exhausted and precludes federal review under the independent and adequate state ground doctrine. *Id.* at 732 (citing 28 U.S.C. § 2254(b); *Engle v. Isaac,* 456 U.S. at 125–126, n. 28 (1982)). In the event an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, so no basis for denial has been stated by the state courts, the claim still is subject to an anticipatory procedural default and is precluded from federal habeas review if it is clear the claim would be rejected because of an independent and adequate state procedural rule "regardless of the decision of the last state court to which the petitioner actually presented his claims." *Id.*

7

at 735 n.1 (citing Harris v. Reed, 489 U.S. 255, 269–270 (1989) (O'CONNOR, J., concurring)); Teague, 489 U.S. at 297–98).

### C. Nebraska Law Relevant to Procedural Default

"The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016 & Supp. 2023]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights," however, "the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." State v. Sims, 761 N.W.2d 527, 533 (Neb. 2009). "[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." Id. Furthermore, in 2011, the Nebraska Legislature created a one–year time limit for filing a verified motion for postconviction relief. See Neb. Rev. Stat. § 29–3001(4); State v. Smith, 834 N.W.2d 799, 801 (Neb. 2013).

### D. Ineffective Assistance of Counsel

Under the Sixth Amendment to the Constitution, criminal defendants have a right to reasonably effective representation by counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In general, a defendant who claims ineffective assistance of counsel must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense. Id. To establish deficient performance, a criminal defendant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. To meet the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*at 694.

### III.  DISCUSSION

In his Petition, Petitioner seeks review of what this Court construed as three claims of ineffective assistance of counsel. Filing No. 10 at 1–2. As an initial matter, the Court agrees with Respondent's characterization of Claim One as raising two separate errors of appellate counsel and shall refer to Claim One as a claim for ineffective assistance of appellate counsel with two subparts. *See* Filing No. 17 at 11. Thus, Claim One(A) shall be addressed as Petitioner's claim that he was denied the effective assistance of counsel because appellate counsel failed to raise trial counsel's failure to object to testimony made by non-testifying witnesses, and Claim One(B) shall be addressed as Petitioner's claim that he was denied the effective assistance of counsel because appellate counsel failed to raise trial counsel's failure to subpoena and investigate relevant witnesses.

For the reasons that follow, this Court finds that all claims are procedurally defaulted and the Petition shall be dismissed with prejudice in its entirety.

**A.  Claims One(B), Two, and Three must be dismissed as they are procedurally defaulted.**

Respondent submits that Claims One(B), Two, and Three are procedurally defaulted and must be dismissed without further review. Filing No. 17 at 13–14. Specifically, Respondent argues that Claim One(B) and Claim 2 were never brought before the state courts and that, although Claim Three was included in Petitioner's Postconviction Motion, it did not receive a full round of review by the state courts due to Petitioner's failure to include Claim Three in his Postconviction Appeal. *Id.* Ultimately, Respondent contends that, because none of these claims received a full round of review

9

by the state courts and there is no ascertainable basis for Petitioner to obtain such review of them now, all three claims are procedurally defaulted and should be dismissed. *Id*.

To address Respondent's arguments, this Court compared Claims One(B), Two, and Three as raised in the Petition with those raised in Petitioner's Postconviction Motion and Postconviction Appeal. While this Court disagrees with Respondent's argument that neither Claim One(B) nor Claim Two were presented to the state courts, this Court finds that Claims One(B), Two, and Three did not receive a full round of review in the state courts and are, consequently, procedurally defaulted.

*1. Claims One(B), Two, and Three were presented in the Postconviction Motion.*

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

In the Petition, Petitioner alleges in Claim One(B) that appellate counsel was ineffective for failing to raise trial counsel's failure to subpoena and investigate relevant witnesses. Filing No. 5 at 17; *see also* Filing No. 10 at 1(summarizing claims). The facts

Petitioner alleges in support of this claim indicate that the witnesses trial counsel failed to investigate and subpoena were Devonne Rogers, an alleged alibi witness, and Michelle Goodman, Petitioner's parole officer at the time of the offenses and his arrest. Filing No. 5 at 19–21. In the first ground for relief of the Postconviction Motion, Petitioner asserted a denial of effective assistance of appellate counsel for failing to allege trial counsel's failure to (1) investigate, challenge, or object to testimony provided by various witnesses, including "Kirk Woltman as he was not the acting parole officer at the time the alleged actions occurred" and Petitioner was prejudiced "by not having the testimony of his acting parole officer [Michelle Goodman] testify on his behalf," Filing No. 15-14 at 68; (2) to subpoena or file a motion to obtain certain evidence such as shell casings, DNA, fingerprints, and phone records; and (3) to call Petitioner's alibi witness, Devonne Rogers. *Id.* at 60–71; *see also Id.* at 104–08 (district court's characterization of Petitioner's ineffective assistance of trial counsel claims). Upon close inspection, the Court concludes Petitioner raised the substance of Claim One(B) in the first ground of his Postconviction Motion.

In Claim Two, Petitioner alleges appellate counsel's ineffectiveness in failing to raise trial counsel's failure to object to or otherwise address prosecutorial misconduct that divested the trial court's jurisdiction to pass judgment or sentence. Filing No. 5 at 23; *see also* Filing No. 10 at 1 (summarizing claims). In the second ground for relief of the Postconviction Motion, Petitioner reasserted all of his claims in the first ground for relief to support his claim that he was denied the effective assistance of appellate counsel because his appellate and trial counsel and the prosecution, via its misconduct, "divested [the] trial court of jurisdiction to pass judgement or sentence" because "these parties . . .

failed to fulfill their statutorial [sic] duties and used their power to violate the constitutional rights of [Petitioner]." Filing No. 15-14 at 72. This appears to be the same claim Petitioner now raises in Claim Two.

In Claim Three, Petitioner alleges that appellate counsel provided ineffective assistance by failing to advise Petitioner that he had to file a petition for further review in order to continue to litigate his claims. Filing No. 5 at 24–25; *see also* Filing No. 10 at 1–2 (summarizing claims). In the third ground of the Postconviction Motion, Petitioner argued, and the district court characterized his claim as, a denial of effective assistance of appellate counsel for failing to advise Petitioner that he needed to file a petition for further review of his Direct Appeal to the Nebraska Supreme Court. Filing No. 15-14 at 73, 108–09. This is the same claim as Claim Three of the Petition.

*2. Procedural Default of Claim Two and Claim Three*

To properly exhaust his claims, Petitioner also was required to raise them in his Postconviction Appeal. In his Postconviction Appeal, Petitioner assigned the following errors: the district court abused its discretion in denying his Postconviction Motion; the district court erred and abused its discretion by failing to appoint him postconviction counsel; and the district court erred and abused its discretion by failing to grant Petitioner an evidentiary hearing. Filing No. 15-7 at 11, 22, 28, 30. In support of his first assignment of error,[2] Petitioner argued that the district court judge erred in denying his Postconviction Motion because Petitioner's trial counsel was ineffective for permitting the recitation of testimonial statements made by non-testifying witnesses, failing to obtain DNA and

---

[2] The Court shall not detail Petitioner's arguments in support of his second and third assignments of error in the Postconviction Appeal regarding the district court's alleged failure to appoint postconviction counsel and to grant him an evidentiary hearing as the arguments are unrelated to the claims made in his Petition. *See* Filing No. 15-7 at 28–33.

fingerprint evidence that would have established Petitioner's actual innocence, and failing to call an alibi witness who could have changed the outcome of his trial by establishing Petitioner was not guilty of the crime and would have impeached the testimony of other witnesses. *Id.* at 22–26. Petitioner further argued that these failures of trial counsel established trial counsel's deficient performance and appellate counsel's ineffectiveness for failing to raise them on appeal. *Id.* at 26.

A detailed review of the Postconviction Appeal establishes there is no discussion of the allegations supporting Claims Two and Three in the Petition. There is no discussion of appellate counsel's alleged failure to advise Petitioner of the need to petition for further review of his Direct Appeal in the Nebraska Supreme Court, and there is no mention of Petitioner's theory that prosecutorial misconduct divests a trial court of its jurisdiction to pass judgment and sentence in a criminal case. As such, both Claim Two and Claim Three were not exhausted because Petitioner failed to present these claims through one complete round of state appellate review. Because Petitioner is procedurally barred from raising these claims in a successive postconviction motion in state court, Claims Two and Three are procedurally defaulted.

### 3. Procedural Default of Claim One(B)

With respect to Claim One(B), Respondent argues that, although this claim facially appears to be the same as a claim raised in the Postconviction Appeal, it is different because the claim before the Nebraska Court of Appeals did not involve witnesses, but instead alleged Petitioner's trial counsel failed to investigate and subpoena certain physical evidence, such as shell casings, DNA, fingerprints, and phone records. Filing No. 17 at 13 (citing Filing No. 15-4 at 6). While Respondent avoids any discussion of

Petitioner's first assignment of error in his Postconviction Appeal addressing counsel's alleged ineffectiveness relating to witnesses, ultimately the Court agrees that Claim One(B) of the Petition is not the same claim that was before the state courts, and, even if it is the same, Petitioner failed to present Claim One(B) through one complete round of appellate review.

While Petitioner argued in his Postconviction Appeal that his trial counsel could have called, but failed to call, an alibi witness, he did not argue that his counsel failed to subpoena or investigate that witness. *See* Filing No. 15-7 at 24. Similarly, though Petitioner argued in his Postconviction Appeal reply brief that trial counsel failed to call and cross-examine Michelle Goodman, he did not argue that his counsel failed to subpoena or investigate that witness. *See* Filing No. 15-9 at 6–7. As the failure to call an available witness is not the same as the failure of counsel to investigate or subpoena potential witnesses, the claim Petitioner now raises in Claim One(B) of the Petition was not presented to the Nebraska appellate courts and was therefore not exhausted. Even if the Court assumes Claim One(B) is the same as the witness claims raised by Petitioner to the Nebraska Court of Appeals in his Postconviction Appeal, Petitioner clearly did not raise these witness claims in his petition for further review to the Nebraska Supreme Court. *See* Filing No. 15-11. Thus, Claim One(B) was not presented all the way through one complete round of state appellate review and is procedurally defaulted, and not unexhausted, because Petitioner cannot raise this claim in a successive postconviction motion.[3]

---

[3] Alternatively, to the extent that Claim One(B) was decided on the merits in the Postconviction Appeal, the Court concludes the Petitioner cannot establish that the Nebraska Court of Appeals' decision, Filing No. 15-4 at 5–7, was contrary to or involved an unreasonable application of *Strickland v. Washington*, *supra*. *See* 28 U.S.C. § 2254(d)(1).

14

**B. Claim One(A) is procedurally defaulted and must be dismissed with prejudice under the independent and adequate state law doctrine**.

In Claim One(A), Petitioner claims appellate counsel was ineffective for failing to raise trial counsel's failure to object to witness testimony relating to statements made by non-testifying witnesses, arguing such statements were improper hearsay statements and the failure to object to them deprived him of his right to confront witnesses against him and otherwise establish his innocence. Filing No. 5 at 17–19.

Respondent argues that, while this claim was before the state courts in Petitioner's Postconviction Motion and Postconviction Appeal, review of Claim One(A) cannot proceed here because the Nebraska Court of Appeals ultimately denied review of the claim's merits pursuant to a state procedural rule requiring sufficient specific factual allegations to warrant a postconviction evidentiary hearing. Filing No. 17 at 12–13 (citing *State v. Starks*, 883 N.W.2d 310, 317 (Neb. 2016) ("[I]n a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.")). And because the state courts declined to grant Petitioner an evidentiary hearing under that state rule, the merits of the claim were not reviewed, rendering the claim procedurally defaulted.[4] *Id*. at 13. Alternatively, Respondent contends that, even if the merits of Claim One(A) were adjudicated by the state courts, Claim One(A) must fail as Petitioner cannot establish that the decision of the Nebraska Court of Appeals was contrary to or involved an unreasonable application of *Strickland v. Washington*, *supra*. *Id*.

---

[4] Respondent argues that Petitioner is specifically precluded by Nebraska state law from attempting to raise this claim again in a successive postconviction motion. Filing No. 17 at 13.

Petitioner's ineffective assistance of counsel claim in Claim One(A) came before the state courts in a postconviction motion brought pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 *et seq.* (Reissue 2016 & Supp. 2023) (the "Postconviction Act"). See Filing No. 15-14 at 2. Section 29-3001 of the Postconviction Act provides in relevant part:

> (1) A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion, in the court which imposed such sentence, stating the grounds relied upon and asking the court to vacate or set aside the sentence.
>
> (2) Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, and determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence the prisoner or grant a new trial as may appear appropriate. . . .

Neb. Rev. Stat. § 29-3001.

Here, the Nebraska Court of Appeals upheld the district court's decision to deny Petitioner an evidentiary hearing, finding that Petitioner's Postconviction Motion provided no basis for relief. Filing No. 15-4. Specifically, regarding the allegations in the Postconviction Motion relating to Claim One(A) of the Petition, the Nebraska Court of Appeals pointed to Petitioner's failure to identify specific testimonial statements that his trial counsel should have objected to as the basis for denying his evidentiary hearing on this claim. *Id.* at 5. In a nutshell, the appellate court found that because Petitioner failed to allege sufficient facts about the content of the witness statements Petitioner alleged his

16

trial counsel should have objected to, there was no basis for the court to make a determination as to whether Petitioner's trial counsel was ineffective. *Id*. As such, the appellate court upheld the district court's denial of the evidentiary hearing and declined further review due to Petitioner's failure to meet the standard for an evidentiary hearing under the Postconviction Act. Because the Nebraska courts declined to review the merits of Claim One(A) based specifically on the Postconviction Act, the claim is procedurally defaulted, and this Court is precluded from considering its merits.[5]

## C. Conclusion

As all of the claims set forth in the Petition are procedurally defaulted, this Court cannot consider them here. Furthermore, Petitioner has failed to show "cause and prejudice" or a "miscarriage of justice," which are the only exceptions allowing federal review of procedurally defaulted claims. *See Dretke v. Haley*, 541 U.S. 386, 392–93 (2004); *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). An independent review of the record also confirms that there is no reason to believe that "cause and prejudice" or a "miscarriage of justice" exists.[6] Accordingly, Petitioner's habeas claims must be dismissed with prejudice. *Armstrong v. Iowa*, 418 F.3d 924, 926–27 (8th Cir. 2005)

---

[5] Alternatively, to the extent that Claim One(A) was decided on the merits in the Postconviction Appeal, the Court concludes the Petitioner cannot establish that the Nebraska Court of Appeals' decision, Filing No. 15-4 at 5, was contrary to or involved an unreasonable application of *Strickland v. Washington*, *supra*. *See* 28 U.S.C. § 2254(d)(1).

[6] In reaching this conclusion, the Court considered the materials Petitioner provided with his motion for evidentiary hearing, Filing No. 21. Specifically, Petitioner provided copies of photographs he claimed "refute and contradict[] the testimony of the alleged victim" and a copy of a written request to the Jackson County, Missouri, Detention Center seeking to obtain "a recorded jail phone conversation wherein the victim admitted that she made false accusations against the petitioner regarding [his] conviction and sentence." *Id.* at 2 (punctuation omitted). Upon review, these materials do not suggest any cause and prejudice to excuse any procedural default or that a miscarriage of justice will occur if Petitioner's habeas claims are not considered by this Court.

(dismissal with prejudice is appropriate where the ground for dismissal is procedural default).

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition, Filing No. 5, is dismissed with prejudice.
2. The Court will not issue a certificate of appealability in this matter.
3. The Court will enter a separate judgment in accordance with this order.
4. Petitioner's motion for evidentiary hearing, Filing No. 21, is denied as moot.

Dated this 30th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court